Dows, Trustee, &c., *vs.* Drew.

1. In the absence of an express legislative declaration, that a tax levied against a mortgagor, on mortgaged premises, subsequent to the execution and registry of the mortgage, shall be the primary lien and paramount against the mortgage, township authorities have no right, in a case where it is admitted the mortgaged premises are insufficient to pay the mortgage debt, to deprive the mortgagee of any part of his security.

2. A township collector was restrained from selling, under a warrant issued under the thirty-fourth section of the act concerning taxes, any part of the standing timber on mortgaged premises, admittedly insufficient to pay the mortgage debt; the tax being levied subsequent to the registry of the mortgage.

A final decree was made in this case March 28th, 1876, directing a sale of the mortgaged premises for the payment of a mortgage made by the defendants to the complainant, bearing date October 28th, 1873, and duly recorded January 7th, 1874. The tax laid on the mortgaged premises for the year 1875 not having been paid, a warrant was issued under the

thirty-fourth section of the act concerning taxes, (*Nix. Dig.* 942,) commanding the collector of the township in which the mortgaged premises are situate, to sell the standing timber thereon for the payment of the tax. The collector was proceeding to carry out the command of the warrant when the complainant applied to this court, by petition, for an order restraining him from making sale of any part of the timber.

*Mr. John R. Emery,* for motion.

*Mr. H. C. Pitney, contra.*

THE VICE-CHANCELLOR.

This application was heard under an agreement of counsel, that the matters alleged in the petition should be taken to be true; that all objection to the form of the proceeding should be waived, and that it should be considered the questions discussed were properly presented by appropriate pleadings.

Sections 33 and 34 of the act concerning taxes, (*Nix. Dig.* 942,) plainly direct that the tax assessed on land held by a tenant, shall be assessed against the tenant, and not against the owner. The tax is spoken of as the tenant's tax; he is made personally liable for its payment, and his goods and chattels may be seized and sold under the warrant issued for its collection; unless the assessment is made against him, the demand required by the eleventh section cannot be made, nor can he be returned as a delinquent, nor can a warrant be issued against him. In this case, the assessment was made against the owner; indeed, it could not legally be made against any other person. *Nix. Dig.* 947, § 63; *Tindall* v. *Phillipsburg,* 4 *Vroom* 38. The law required the assessor to assess the person who was the owner on the day when the assessment for that year was to commence. *Nix. Dig.* 951, § 84; *Shippen* v. *Newton,* 5 *Vroom* 79. The court, in the case last cited, say it is the intention of the law to make the person who is the owner on the day when, by law, the assessment is to commence, personally liable for the tax. It is the intention

of sections 33 and 34 to make the tenant primarily liable, personally. The two provisions, therefore, are directly in conflict. It is obvious, as the law now stands, the tenant is not personally liable, nor can his goods and chattels be sold. His personal liability is 'no longer necessary to the collection of the tax, for the land itself may be sold for its payment. The condition of affairs, made necessary by sections 33 and 34, to warrant a sale of timber, viz., inability of the tenant to pay, and of the township authorities to compel payment by a sale of his goods and chattels, cannot exist under our present system of taxation.

In the absence of an express legislative declaration, that a tax levied against a mortgagor, on mortgaged premises, subsequent to the execution and registry of the mortgage, shall be the primary lien, and paramount against the mortgage, I think the township authorities have no right, in a case where it is admitted the mortgage premises are insufficient to pay the mortgage debt, to deprive the mortgagee of any part of his security. Taxes levied subsequent to the registry of a mortgage, do not have priority over it, without express legislation giving them priority. *Hopper* v. *Malleson,* 1 *C. E. Green* 382 ; *Dinsmore* v. *Westcott,* 10 *C. E. Green* 470.

I will advise an order restraining the collector from making sale of any part of the standing timber on the mortgaged premises.