Complainant seeks to set aside and have declared void a deed of conveyance of land which is alleged to have been made to complainant without his knowledge or consent. The necessity for this relief arises from the circumstance that complainant holds a mortgage against the land and a judgment now exists against the mortgagor which has been entered subsequent to the execution of complainant's mortgage. The bill charges that the judgment creditor now claims that his judgment lien is superior to the lien of complainant's mortgage and is now proceeding to an execution sale of the land under that claim. It is to protect complainant against a claim of the judgment creditor of the mortgagor that the deed of conveyance was operative as a merger of the mortgage that the bill primarily is filed. *Page 289 
Obviously the deed of conveyance is void and of no effect, if it be true, as alleged, that it was made by the mortgagor to the mortgagee without the knowledge or consent of the latter; and the evidence now presented may be said to fully establish that fact. While the bill appropriately is filed to set aside that conveyance, the inquiry arises whether complainant is entitledpendente lite to restrain the judgment creditor of the mortgagor from making sale of the mortgaged premises under the judgment.
The view frequently has been adopted that because a sale under a judgment which is not a lien will confer no title, it cannot be said to cloud the title of the real owner, and accordingly a court of equity should leave such situations to be settled a law. But the situation here presented does not fall within that class of cases. Complainant, as mortgagee, is not owner of the legal title and enjoys no legal remedy against a purchaser at the proposed execution sale. Moreover, the inherent quia timet
jurisdiction of the court of equity is almost uniformly sustained, even when only legal titles are involved, in cases in which extrinsic evidence is necessary to repel a claim which on its face is prima facie valid or superior in right, as distinguished from claims irregular or void on their face. 2Story Eq. Jur. §§ 700, 700a; Pom. Eq. Jur. § 1399; 2 Freem.Exec. § 438; Murphy v. Wilmington, 6 Houst. Del. 108;5 R.C.L. 662. And such protection will be afforded a mortgagee.Dows, Trustee, v. Drew, 27 N.J. Eq. 442; Miller v. Cook,135 Ill. 190. In this view it seems clear that restraint should go.
I am unable to adopt the view urged by defendant judgment creditor that complainant's conduct has denied him the preventive remedy here sought. He was under no obligation to protect the judgment creditor.
The restraint imposed by the order to show cause will be retained pendente lite. *Page 290